24-1619
*Amelio et al. v. Quicken Loans, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

ALFONSO AMELIO, CARMINE P. AMELIO,

> *Plaintiffs-Appellants,*

CLEMENTE AMELIO,

> *Plaintiff,*

> v.                                                      No. 24-1619

QUICKEN LOANS, INC., FEDERAL NATIONAL
MORTGAGE ASSOCIATION, MCCABE,
WEISBURG & CONWAY, P.C., FEIN, SUCH, &
CRANE, LLP, SETERUS, LLC, CONCRETE
PROPERTIES, LLC, OCWEN LOAN SERVICING,
LLC, SANDELANDS EYET LLP, ONE WEST
BANK, N.A., HAROLD KOFMAN, ESQ.,[*]

*Defendants-Appellees*.

———————————————————

| | |
|---|---|
| **For Plaintiffs-Appellants:** | CARMINE P. AMELIO, *pro se*, (Alfonso Amelio, *pro se*, Milford, CT, *on the brief*), Milford, CT. |
| **For Defendant-Appellee Quicken Loans, Inc.:** | WILLIAM E. EVANS (Levi Swank, Goodwin Procter LLP, Washington, DC, *on the brief*), Goodwin Procter LLP, Boston, MA. |
| **For Defendants-Appellees Federal National Mortgage Association, Seterus, LLC, and One West Bank, N.A.:** | Brian P. Scibetta, McCalla Raymer Leibert Pierce, LLP, New York, NY. |
| **For Defendant-Appellee McCabe Weisburg & Conway, P.C.:** | Andrew Morganstern, Jamie C. Krapf, McCabe, Weisberg & Conway LLC, Melville, NY. |
| **For Defendants-Appellees Fein, Such & Crane, LLP, Sandelands Eyet LLP, and Harold Kofman, Esq.:** | No appearance. |

---

[*] The Clerk of Court is respectfully directed to amend the caption as above.

For Defendant-Appellee Concrete Properties, LLC:    Jonathan B. Nelson, Dorf Nelson & Zauderer LLP, Rye, NY.

For Defendant-Appellee Ocwen Loan Servicing, LLC:    Steven Lazar, Greenberg Traurig, LLP, Garden City, NY.

Appeal from a judgment and orders of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's September 29, 2023 judgment is **AFFIRMED IN PART and VACATED IN PART,** and the case is **REMANDED** for further proceedings consistent with this order.

Alfonso and Carmine Amelio (the "Amelios"), proceeding *pro se*, appeal from the district court's dismissal of their third amended complaint against a collection of mortgage servicers, lenders, law firms, debt collectors, the Federal National Mortgage Association, and the successful bidder at a referee sale for their former home (collectively, "Defendants"). In broad strokes, the Amelios allege that Defendants deceived them into taking out a fraudulent mortgage backed by forged and stolen notes and then conspired to unlawfully foreclose upon and take possession of their upstate New York property. On appeal, the Amelios argue that the district court erred when it (i) dismissed their complaint for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine; and (ii) denied their motion

3

for reconsideration of that decision.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.     The Amelios' Appeal is Timely.

As a preliminary matter, Ocwen Loan Servicing ("Ocwen") contends that the Amelios' appeal is untimely.   We disagree.

Ordinarily, in a civil case, a "notice of appeal . . . must be filed with the district clerk within [thirty] days after entry of the judgment or order appealed from."   Fed. R. App. P. 4(a)(1)(A).   But if a party timely files a motion for reconsideration under Federal Rule of Civil Procedure 59(e), then "the time to file an appeal runs for all parties from the entry of the order disposing of [that motion]."   Fed. R. App. P. 4(a)(4)(A)(iv).   Thus, "a motion for reconsideration under Civil Rule 59(e) tolls the time to appeal if it is timely filed in the district court no later than twenty-eight days after entry of the judgment."   *Malek v. Feigenbaum*, 116 F.4th 118, 127 (2d Cir. 2024) (citing Fed. R. App. P. 4(a)(4)(A)(iv) and Fed. R. Civ. P. 59(e)).[1]

---

[1] Ocwen's suggestion that S.D.N.Y. Local Rule 6.3 requires such motions to be filed within fourteen days of the entry of judgment is contradicted by the very authority it cites.   *See* S.D.N.Y. Local Rule 6.3. (imposing a fourteen-day time limit on motions for reconsideration "[u]nless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59)"); s*ee*

The date that judgment is considered "entered" is controlled by the "notation that explicitly shows the date the document was *entered*," rather than the date the document was filed or signed. *Houston v. Greiner*, 174 F.3d 287, 288–89 (2d Cir. 1999). Here, the judgment's docket entry contains a notation explicitly stating "(Entered: 10/02/2023)," Docket Sheet Entry No. 191, *Amelio v. Quicken Loans*, 19-cv-08761 (ALC) (S.D.N.Y. Oct. 2, 2023), meaning that October 2, 2023 was the date that "the entry of judgment" occurred for the purpose of Fed. R. Civ. P. 59(e). Because the district court entered judgment on October 2, 2023, the Amelios' October 30, 2023 motion for reconsideration was timely and, accordingly, postponed the thirty-day window to appeal until after the district court resolved the motion. And since the Amelios then filed their notice of appeal within thirty days of the order denying reconsideration, the appeal was timely.

## II. The District Court Erred in Holding that the *Rooker–Feldman* Doctrine Barred All Nineteen of the Amelios' Claims.

The Amelios contend that the district court erred when it concluded that the *Rooker–Feldman* doctrine barred it from exercising subject-matter jurisdiction over their claims. We largely agree.

---

*also, e.g.*, *Singh v. Raymond James Fin. Servs., Inc.*, 633 F. App'x 548, 549 n.2 (2d Cir. 2015).

"When reviewing the dismissal of a complaint for lack of subject[-]matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). Because the Amelios have "been *pro se* throughout," we must construe their "pleadings and other filings . . . to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR*, 103 F.4th 159, 166 (2d Cir. 2024). And since the *Rooker–Feldman* doctrine concerns subject-matter jurisdiction, "it must be addressed first before [any merits] issues raised on appeal." *Plymouth Venture Partners, II v. GTR Source*, 988 F.3d 634, 641 (2d Cir. 2021) (citing *Sinochem Int'l v. Malay. Int'l Shipping*, 549 U.S. 422, 430–31 (2007)).

The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Supreme Court has stressed that the doctrine occupies "narrow ground" and applies only in "limited circumstances." *Id.* at 284, 291. With that guidance in mind, this Circuit has

6

outlined a four-part test for determining whether the *Rooker–Feldman* doctrine bars a litigant's claims: (i) "the federal-court plaintiff must have lost in state court"; (ii) "the plaintiff must complain of injuries caused by a state-court judgment"; (iii) "the plaintiff must invite district court review and rejection of that judgment"; and (iv) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005), *abrogated on other grounds by T.M. v. Univ. of Maryland Medical Sys. Corp.*, No. 25-197, 2026 WL 1751823 (U.S. June 18, 2026). Courts must apply this standard on a claim-by-claim basis. *See Dorce v. City of New York*, 2 F.4th 82, 103 (2d Cir. 2021) (subjecting each claim to this test).

The second prong – causation – is "the 'core requirement from which the other *Rooker–Feldman* requirements derive.'" *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018) (alterations adopted) (quoting *Hoblock*, 422 F.3d at 87). Importantly, a state-court judgment causes the alleged injury for *Rooker–Feldman* purposes only when it "produce[s]" – rather than "simply ratifie[s], acquiesce[s] in, or le[aves] unpunished" – the alleged injury. *Hoblock*, 422 F.3d at 88. Thus, claims premised on injuries from alleged fraud or misconduct that *preceded* a state-court judgment, even if those injuries were subsequently *ratified* by

7

that judgment, are not barred by the *Rooker–Feldman* doctrine.   *See Dorce*, 2 F.4th at 104.   The fact that an otherwise independent claim "denies a legal conclusion that a state court has reached in a case to which [the plaintiff] was a party" does not matter; in such cases, "state law determines whether the defendant prevails under principles of preclusion."   *Exxon Mobil*, 544 U.S. at 293 (internal quotation marks omitted).[2]

Under this causation standard, only one of the Amelios' claims is barred by the *Rooker–Feldman* doctrine.   Broadly speaking, Counts Three and Six allege that Defendants defrauded the Amelios when the latter took out the mortgage; Counts Two, Seven, Eight, Nine, Eleven, and Thirteen allege that Defendants fraudulently demanded and collected payments from the Amelios; Counts Ten and Twelve allege that Defendants aided and abetted fraud and conspired to defraud; and Count Fifteen alleges that by creating fraudulent mortgage-assignment

---

[2] Relying on outdated, non-precedential cases (with incorrect citations), while ignoring this Court's binding precedents, the district court erroneously invoked a less stringent framework, stating that the *Rooker–Feldman* doctrine "bars 'claims that are inextricably intertwined with a state[-]court decision.'"   *Amelio v. McCabe, Weisberg & Conway, P.C.*, No. 19-cv-08761 (ALC), 2023 WL 6393400, at *3 (S.D.N.Y. Sept. 29, 2023) (quoting *Pharr v. Evergreen Garden, Inc.*, 123 F. App'x 420, 422–23 (2d Cir. 2005)).   But we have expressly dismissed the "notion[] of inextricably intertwined" claims as a "simply descriptive label" without "substantive content independent of the four *Exxon Mobil* requirements," and we accordingly focus more narrowly on the "*causal relationship* between the state-court judgment and the injury of which the party complains in federal court."   *Hunter v. McMahon*, 75 F.4th 62, 72 (2d Cir. 2023) (internal quotation marks omitted and emphasis added), *abrogated on other grounds by T.M. v. Univ. of Maryland Medical Sys. Corp.*, No. 25-197, 2026 WL 1751823 (U.S. June 18, 2026).

8

instruments, Defendants slandered the Amelios' title. These claims survive the *Rooker–Feldman* doctrine because, as we have explained above, the doctrine permits "claims based on an opponent's misconduct that *precedes* the state[-]court proceeding, if the plaintiffs' alleged injuries were merely *ratified* by the state-court judgments rather than *caused* by them." *Dorce*, 2 F.4th at 104 (internal quotation marks omitted).

Count Four alleges that, by pursuing the above activities, defendants engaged in a RICO enterprise to defraud, deceive, and injure the Amelios. Because the Amelios' claim "under . . . RICO . . . speak[s] not to the propriety of the state[-]court judgment[], but to the fraudulent course of conduct that [D]efendants pursued in obtaining such judgment[]," the *Rooker–Feldman* doctrine is likewise no bar to Count Four. *Sykes v. Mel S. Harris and Assocs.*, 780 F.3d 70, 94–95 (2d Cir. 2015). And because Counts One (abuse of process for initiating state-court proceedings), Five (fraud premised on Ocwen's alleged violations of a judgment requiring it to refrain from unfair, deceptive, or unlawful practices), and Fourteen (intentional infliction of emotional distress premised on the Amelios' alleged psychological harm caused by Defendants' purported scheme) seek monetary relief premised on conduct that preceded – and is entirely independent

9

of – the state-court judgment, they too fall outside the *Rooker–Feldman* doctrine. *See Hoblock*, 422 F.3d at 85.

For similar reasons, Count Sixteen, which seeks to void the original mortgage note as produced by fraud, survives because the *Rooker–Feldman* doctrine permits a claim for "a declaratory judgment that [a] bank lacked the evidence required to invoke foreclosure." *See Vossbrinck v. Accredited Home Lenders*, 773 F.3d 423, 428 n.2 (2d Cir. 2014) (citing *Truong v. Bank of America*, 717 F.3d 377 (5th Cir. 2013)). Count Seventeen also survives because it merely asked the district court to compel Defendants to provide access to a copy of the note associated with the mortgage. *See Hoblock*, 422 F.3d at 85 (holding that *Rooker–Feldman* doctrine applies only where plaintiff "complain[s] of injuries caused by a state-court judgment" and "invite[s] district court review and rejection of that judgment" (internal quotation marks omitted)). And Count Nineteen – which, liberally construed, alleges that one Defendant violated the First and Thirteenth Amendments by filing a motion for sanctions during the state-court proceedings – survives because it does not pertain to the state-court foreclosure judgment. *See id.* (explaining that, where an injury was not caused by a state-court judgment, the *Rooker–Feldman* doctrine does not apply).

10

Only Count Eighteen, which asked the district court to declare the Amelios the "lawful owner[s] of the subject property," Amelio App'x at 61, directly contravenes the state-court judgment. Because seeking to have a state-court judgment voided paradigmatically shows that the relevant injury is the state-court judgment itself, *see Vossbrinck*, 773 F.3d at 427, and because the other three *Hoblock* factors are plainly satisfied, the district court correctly concluded that it lacked subject-matter jurisdiction over this claim pursuant to the *Rooker–Feldman* doctrine, *see Dorce*, 2 F.4th at 104. But the remaining claims asserted by the Amelios are readily distinguishable and survive *Rooker–Feldman* scrutiny.[3]

## III. On Remand, the District Court May Consider Other Grounds for Dismissal.

That the district court misapplied the *Rooker–Feldman* doctrine as to the majority of the Amelios' claims is not to say that those claims are meritorious. Defendants understandably urge this Court to affirm the district court's dismissal

---

[3] The Amelios also appeal the district court's denial of their motion for reconsideration of the dismissal of their complaint. Because we agree with the district court that the *Rooker–Feldman* doctrine requires the dismissal of Count Eighteen, we conclude that the district court did not abuse its discretion in denying reconsideration of its judgment as to that count. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (reviewing district court's denial of motion for reconsideration for abuse of discretion). We dismiss, however, the remainder of the Amelios' appeal of this order as moot in light of our decision to vacate the district court's dismissal of the complaint's other counts. *See Marvin v. Goord*, 255 F.3d 40, 44 (2d Cir. 2001) (finding appeal of order denying reconsideration to be moot to extent that it pertained to parts of judgment vacated by appellate court).

order on one of several alternative grounds, particularly *res judicata* or collateral estoppel. But while the district court claimed to have weighed these arguments below, *see* Amelio App'x at 65, the record is clear that it never in fact engaged in such review, relying exclusively on the *Rooker–Feldman* doctrine as the basis for its dismissal, *see id.* at 159–63. Mindful that preclusion doctrines often require a demanding, fact-bound inquiry, we decline to consider Defendants' alternative arguments for the first time on appeal. We are, after all, "a court of review, not first view." *City of Hialeah Emps.' Ret. Sys. v. Peloton Interactive*, 153 F.4th 288, 301 (2d Cir. 2025) (internal quotation marks omitted). On remand, however, Defendants may urge the district court to consider these arguments in the first instance.

\* \* \*

We have considered the Amelios' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM IN PART AND VACATE IN PART** the district court's September 29, 2023 judgment, and **REMAND** for further proceedings consistent with this summary order.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] On October 2, 2025, Appellee Concrete Properties moved for summary affirmance.   In light of our decision today, we **DENY** that motion as moot.